# LOUISIANA CIVIL CASE REPORTING
## Civil Case Cover Sheet - LA. R.S. 13:4688 and
## Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:** REATH CHAUVIN

vs.

CETCO OILFIELD SERVICE COMPANY

[FILED STAMP: OFFICE OF CLERK OF COURT / 2013 MAR 12 PM 3:05 / CALCASIEU PARISH, LOUISIANA]

**Court:** 14th JDC

**Docket Number:** _____

**Parish of Filing:** Calcasieu

**Filing Date:** _____

**Name of Lead Petitioner's Attorney:** SOMER G. BROWN

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1

**Number of named defendants:** 1

**Type of Lawsuit:** Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

- ___ Auto: Personal Injury
- ___ Auto: Wrongful Death
- ___ Asbestos: Property Damage
- ___ Product Liability
- ___ Intentional Bodily Injury
- ___ Intentional Wrongful Death
- ___ Business Tort
- ___ Defamation
- ___ Environmental Tort
- ___ Intellectual Property
- ___ Legal Malpractice
- ___ Other Professional Malpractice
- ___ Maritime
- ___ Wrongful Death
- ___ General Negligence
- ___ Auto: Property Damage
- ___ Auto: Uninsured Motorist
- ___ Asbestos: Personal Injury/Death
- ___ Premise Liability
- ___ Intentional Property Damage
- ✓ Unfair Business Practice
- ___ Fraud
- ___ Professional Negligence
- ___ Medical Malpractice
- ___ Toxic Tort
- ___ Other Tort (describe below)
- ___ Redhibition
- ___ Class action (nature of case)

[Signature: Brittany N. Thomas, Deputy Clerk of Court, Calcasieu Parish, Louisiana   3-12-13]

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Company's refusal to pay overtime wages under Fair Labor Standards Act.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name: Somer G. Brown   Signature: Somer Brown

Address: 723 Broad Street, Lake Charles, La. 70601

Phone number: 337-436-6611   E-mail address: somer.brown@coxcoxfilo.com

REATH CHAUVIN        14TH JUDICIAL DISTRICT COURT

VS. NO. 2013-1209 "H"        PARISH OF CALCASIEU

CETCO OILFIELD SERVICE COMPANY        STATE OF LOUISIANA

FILED: MAR 12 2013

Brittany N. Theriot
DEPUTY CLERK
1 conf.

2013 MAR 12 PM 3:1
CALCASIEU PARISH, LOUISIANA
REATH

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, REATH CHAUVIN, hereinafter referred to sometimes as "Plaintiff"), a person of the full age and majority and a resident of the City of Lake Charles, Parish of Calcasieu, State of Louisiana, who, with respect, represents the following:

**Parties**

1.

Defendant, **CETCO OILFIELD SERVICE COMPANY**, (hereinafter sometimes referred to as "Defendant" or "Cetco"), is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Defendant has several Louisiana locations, including one in Lake Charles, Louisiana out of which Plaintiff was employed. Defendant's registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporation Blvd., Ste. 400B, Baton Rouge, LA 70808.

2.

At all relevant times, Defendant was the "employer" of Plaintiff, as that term is defined by 29 U.S.C. § 203(d), and Plaintiff was Defendant's employee, as that term is defined by 29 U.S.C. § 203(e)(1). Plaintiff worked for Defendant within three (3) year preceding the filing of this suit during which time Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

3.

The overtime wage provisions of §§ 206-207 of the FLSA apply to Cetco and Plaintiff's job did not involve work that fell within any exception or exemption to 29 U.S.C. §213(a)(1).

1

## Collective Action under FLSA

4.

Plaintiff brings this lawsuit on behalf of himself and other similarly situated employees, both past and present, of Defendant Cetco Oilfield Service Company ("Defendant" or "Cetco") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C. § 216(b).

5.

By this action, Plaintiff asserts that Cetco willfully violated the provisions of the FLSA by depriving Plaintiff and other similarly situated employees of their lawful overtime wages by intentionally misclassifying them as exempt. As used herein "Plaintiff" refers to Reath Chauvin and to any other past or present employee of Defendant who, after proper notice by the Court, file individual consents to sue in this collective action.

## Overview of Claims for Violations of FLSA

6.

For more than three years prior to the filing of this complaint, Defendant Cetco has committed violations of the FLSA by, among other things, misclassifying Plaintiff and other employees as exempt from overtime pay by reason of their alleged supervisory positions. The fact of the matter is that Plaintiff was not at the time of his separation from employment or at any other time a "supervisor" as that term is used in the FLSA and Plaintiff did fit into any of the exemptions or exceptions to the overtime pay requirements of the FLSA.

7.

As a result of the aforementioned violations and as set forth more fully herein, Plaintiff is entitled to and seeks all unpaid compensation, an equal amount of liquidated damages, attorneys' fees, costs, and any and all other amounts permitted by law.

## Plaintiff's Job Duties

8.

Plaintiff worked for Cetco from February 1997 until December 2012. Plaintiff worked offshore servicing oil rigs for Cetco on a crew consisting of 4 individuals who were stationed offshore for a two-week period. Plaintiff was given the title of "field manager" and, beginning in 2007, was paid an annual salary of in addition to a day rate, which Cetco termed a "daily bonus."

2

Plaintiff regularly worked more than 40-hours per week and, from 2007 until 2012, did not receive overtime pay as required by the FLSA.

9.

Plaintiff brings this FLSA claim on behalf of all persons who worked for Cetco as "field managers" at any time from three years prior to the filing of this lawsuit to entry of judgment in this case.

10.

Defendant treated Plaintiff and, on information and belief, all other similarly situated "field managers" as exempt under §213(a) of the FLSA from the statute's overtime pay requirements.

11.

Defendant failed to pay Plaintiff and, on information and belief, other members of the class, for hours worked over forty per week at the required rate of one-and-one-half their regular rate of pay.

**Plaintiff's Lack of Supervisory Authority**

12.

Defendant controlled and directed every significant facet of Plaintiff and all other "field managers" job duties on a daily basis. Plaintiff performed the exact same work that the other employees on his shift did, though they were paid overtime for their services and Plaintiff was not. While Plaintiff was the most senior employee on his shift, he did not fall within any exception or exemption to the overtime requirements of the FLSA.

13.

Plaintiff had no ability or authority to formulate, affect, interpret, or implement management policies or operating practices. Plaintiff's primary duties did not involve managing the enterprise or any division thereof and Plaintiff did not customarily and regularly direct the work of any employees. Plaintiff did not have the authority to hire or fire, advance, promote, or otherwise change the status or benefits of any other employee.

**Plaintiff's Hours Worked**

14.

Plaintiff consistently worked more than 40 hours per week, as was required by Defendant. During each two week period of working, Plaintiff worked 21-hours per day and was

3

on-call for the remaining 3-hours of each day. Plaintiff was not paid overtime at a rate of time and one-half for the hours he worked over 40 in a given workweek.

## Defendant's Statutory Violations

15.

Defendant Cetco has engaged in intentional and repeatedly engaged in a practice of improperly misclassifying Plaintiff and, on information and belief, other "field managers" as salaried exempt employees.

16.

Plaintiff and other "field managers" do not qualify as exempt employees, as defined by the applicable regulations. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and, as such, notice should be sent to past and present "field managers". There are numerous similarly situated current and former "field managers" of Cetco who have been misclassified in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Plaintiff and other "field managers" are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Cetco's common practices which violate FLSA labor statutes.

17.

Because Defendant willfully violated the FLSA by misclassifying Plaintiff and class members as exempt employees, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

18.

Defendant has willfully and intentionally engaged in a pattern and practice of violating the FLSA by misclassifying "field managers" such as Plaintiff as "exempt" employees and thereby failing and refusing to pay the proper overtime compensation in accordance with §§206-207 of the FLSA.

## Damages

19.

As a result of Defendant's unlawful acts, Plaintiff and all other similarly situated current and former "field managers" have been deprived of overtime compensation in amounts to be

4

determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## Conclusion and Prayer for Relief

WHEREFORE, Plaintiff, **REATH CHAUVIN**, individually and on behalf of all other situated employees, past and present, of Defendant prays for the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. Certification of this action as a collective action brought pursuant to the FLSA, 29 U.S.C. §216(b);

C. That Defendant be required to provide information to Plaintiff identifying potential class members sufficiently to enable Plaintiff to provide notice of this collective action;

D. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendant Cetco as a field manager. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were misclassified as an exempt employee, whereas their primary or significant work duties entail duties commonly performed by non-exempt, hourly employees;

E. An award of damages after trial on the merits including unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201, *et seq.*, and the supporting Department of Labor regulations;

F. Penalties and/or liquidated damages under applicable law;

G. Pre- and post-judgment interest as provided by law;

H. Attorneys' fees and costs; and

I. Any and all other relief to which Plaintiff is or may be entitled by law or equity.

Respectfully Submitted,

COX, COX, FILO, CAMEL & WILSON, LLC

By: _____
SOMER G. BROWN (#31462)
723 Broad Street
Lake Charles, LA 70601
Telephone: 337-436-6611
Facsimile: 337-436-9541
Email: somer.brown@coxcoxfilo.com

**PLEASE SERVE:**

CETCO OILFIELD SERVICE COMPANY
through its registered agent,
CT Corporation System
5615 Corporation Blvd., Ste. 400
Baton Rouge, LA 70808.

5

REATH CHAUVIN | 14TH JUDICIAL DISTRICT COURT

VS. NO. 2013-1269 "H" | PARISH OF CALCASIEU

CETCO OILFIELD SERVICE COMPANY | STATE OF LOUISIANA

FILED: MAR 1 2 2013

Brittany N. Thariot
**DEPUTY CLERK**

FILED CLERK OF COURT
2013 MAR 12 PM 3:09
CALCASIEU PARISH, LOUISIANA
1914

## REQUEST FOR NOTICE

Now comes Plaintiff **REATH CHAUVIN** and pursuant to Articles 1572, 1913, and 1914 of the Louisiana Code of Civil Procedure, requests written notice from the Clerk of Court, to be served on his undersigned counsel of record, of any assignment of this case for trial, and of the rendition and signing of any judgment(s) or order(s) herein, whether interlocutory or final, complete or partial.

COX, COX, FILO, CAMEL & WILSON

By: _____
**SOMER G. BROWN (#31462)**
723 Broad Street
Lake Charles, LA 70601
Telephone: 337-436-6611
Facsimile: 337-436-9541