# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| REATH CHAUVIN, | ) | CIVIL ACTION NO. 2:13-cv-00756 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA MINALDI |
| v. | ) | |
| | ) | |
| CETCO OILFIELD SERVICE COMPANY, | ) | MAGISTRATE JUDGE KATHLEEN KAY |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## PETITION FOR DAMAGES – JURY DEMANDED

NOW COMES Defendant CETCO Energy Services Company LLC (formerly known as CETCO Oilfield Services Company LLC), incorrectly sued as CETCO Oilfield Service Company, and for its Answer to Plaintiff's Petition for Damages and Jury Demand, states as follows:

### Parties

1.      Defendant, CETCO OILFIELD SERVICE COMPANY, (hereinafter sometimes referred to as "Defendant" or "Cetco"), is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Defendant has several Louisiana locations, including one in Lake Charles, Louisiana out of which Plaintiff was employed. Defendant's registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporation Blvd., Ste. 400B, Baton Rouge, LA 70808.

**ANSWER:**          Defendant admits that it has several Louisiana locations, including one in Lake Charles, Louisiana, and that it employed Plaintiff.  Defendant admits that its registered agent for service of process is CT Corporation System, 5615 Corporation Boulevard, Suite 40013, Baton Rouge, LA  70808.  Defendant denies the remaining allegations of this paragraph.

2.      At all relevant times, Defendant was the "employer" of Plaintiff, as that term is defined by 29 § 203(d), and Plaintiff was Defendant's employee, as that term is defined

by 29 U.S.C. § 203(e)(1). Plaintiff worked for Defendant within three (3) year [sic] preceding the filing of this suit during which time Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

**ANSWER:**          Defendant admits the allegations of this paragraph.

        3.     The overtime wage provisions of §§ 206-207 of the FLSA apply to Cetco and Plaintiff's job did not involve work that fell within any exception or exemption to 29 U.S.C. §213(a)(1).

**ANSWER:**          Defendant admits that the overtime wage provisions of §§ 206-207 of the

FLSA apply to Defendant, but denies that it owes overtime wages to Plaintiff.  Defendant denies

the remaining allegations of this paragraph.

### Collective Action Under FLSA

        4.     Plaintiff brings this lawsuit on behalf of himself and other similarly situated employees, both past and present, of Defendant Cetco Oilfield Service Company ("Defendant" or "Cetco") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and specifically the collective action provision of 29 U.S.C. § 216(b).

**ANSWER:**          Defendant admits that Plaintiff purports to bring this lawsuit under the

FLSA on behalf of himself and other allegedly similarly situated employees, but denies that there

are any similarly situated employees, and denies that Plaintiff or any other employees are entitled

to any relief whatsoever.

        5.     By this action, Plaintiff asserts that Cetco willfully violated the provisions of the FLSA by depriving Plaintiff and other similarly situated employees of their lawful overtime wages by intentionally misclassifying them as exempt. As used herein "Plaintiff" refers to Reath Chauvin and to any other past or present employee of Defendant who, after proper notice by the Court, file individual consents to sue in this collective action.

**ANSWER:**          Defendant admits that Plaintiff alleges that Defendant willfully violated

the provisions of the FLSA by depriving Plaintiff and other allegedly similarly situated

employees of their lawful overtime wages by intentionally misclassifying them as exempt, but

denies that there is any merit to Plaintiff's claims.  Defendant denies the remaining allegations of this paragraph.

## Overview of Claims for Violations of FLSA

6.     For more than three years prior to the filing of this complaint, Defendant Cetco has committed violations of the FLSA by, among other things, misclassifying Plaintiff and other employees as exempt from overtime pay by reason of their alleged supervisory positions. The fact of the matter is that Plaintiff was not at the time of his separation from employment or at any other time a "supervisor" as that term is used in the FLSA and Plaintiff did fit into any of the exemptions or exceptions to the overtime pay requirements of the FLSA.

**ANSWER:**          Defendant denies the allegations of this paragraph.

7.     As a result of the aforementioned violations and as set forth more fully herein, Plaintiff is entitled to and seeks all unpaid compensation, an equal amount of liquidated damages, attorneys' fees, costs, and any and all other amounts permitted by law.

**ANSWER:**          Defendant denies the allegations of this paragraph.

## Plaintiffs Job Duties

8.     Plaintiff worked for Cetco from February 1997 until December 2012. Plaintiff worked offshore servicing oil rigs for Cetco on a crew consisting of 4 individuals who were stationed offshore for a two-week period. Plaintiff was given the title of "field manager" and, beginning in 2007, was paid an annual salary of in addition to a day rate, which Cetco termed a "daily bonus".  Plaintiff regularly worked more than 40-hours per week and, from 2007 until 2012, did not receive overtime pay as required by the FLSA.

**ANSWER:**          Defendant admits that Plaintiff worked for Defendant from February 1997 until December 2012; that Plaintiff worked on offshore oil rigs for CETCO; that Plaintiff was given the title of field manager; that from time to time, Plaintiff worked more than 40 hours per week; and that Plaintiff was paid an annual salary and a day bonus.  Defendant denies the remaining allegations of this paragraph.

9.     Plaintiff brings this FLSA claim on behalf of all persons who worked for Cetco as "field managers" at any time from three years prior to the filing of this lawsuit to entry of judgment in this case.

**ANSWER:**          Defendant admits that Plaintiff purports to bring this claim on behalf of all persons who worked for Defendant as field managers at any time from three years prior to the filing of this lawsuit to entry of judgment in this case, but denies that treating this case as a collective action is appropriate and denies the remaining allegations of this paragraph.

10.     Defendant treated Plaintiff and, on information and belief, all other similarly situated "field managers" as exempt under §213(a) of the FLSA from the statute's overtime pay requirements.

**ANSWER:**          Defendant admits that it treated Plaintiff as exempt from overtime pay under §213(a) of the FLSA.   Defendant denies that there are other similarly situated field managers and denies the remaining allegations of this paragraph.

11.     Defendant failed to pay Plaintiff and, on information and belief, other members of the class, for hours worked over forty per week at the required rate of one-and-one-half their regular rate of pay.

**ANSWER:**          Defendant denies the allegations of this paragraph.

### Plaintiff's Lack of Supervisory Authority

12.     Defendant controlled and directed every significant facet of Plaintiff and all other "field managers" job duties on a daily basis. Plaintiff performed the exact same work that the other employees on his shift did, though they were paid overtime for their services and Plaintiff was not. While Plaintiff was the most senior employee on his shift, he did not fall within any exception or exemption to the overtime requirements of the FLSA.

**ANSWER:**          Defendant denies the allegations of this paragraph.

13.     Plaintiff had no ability or authority to formulate, affect, interpret, or implement management policies or operating practices. Plaintiff's primary duties did not involve managing the enterprise or any division thereof and Plaintiff did not customarily and regularly direct the work of any employees. Plaintiff did not have the authority to hire or fire, advance, promote, or otherwise change the status or benefits of any other employee.

**ANSWER:**          Defendant denies the allegations of this paragraph.

4

## **Plaintiff's Hours Worked**

14.    Plaintiff consistently worked more than 40 hours per week, as was required by Defendant. During each two week period of working, Plaintiff worked 21-hours per day and was on-call for the remaining 3-hours of each day. Plaintiff was not paid overtime at a rate of time and one-half for the hours he worked over 40 in a given workweek.

**ANSWER:**                Defendant admits that from time to time, Plaintiff worked more than 40

hours in a week, and that he was not always paid overtime at a rate of time and one-half for the

hours he worked over 40 in a given workweek.  Defendant denies the remaining allegations of

this paragraph.

## **Defendant's Statutory Violations**

15.    Defendant Cetco has engaged in intentional and repeatedly engaged in a practice of improperly misclassifying Plaintiff and, on information and belief, other "field managers" as salaried exempt employees.

**ANSWER:**                Defendant denies the allegations of this paragraph.

16.    Plaintiff and other "field managers" do not qualify as exempt employees, as defined by the applicable regulations. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and, as such, notice should be sent to past and present "field managers". There are numerous similarly situated current and former "field managers" of Cetco who have been misclassified in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Plaintiff and other "field managers" are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Cetco's common practices which violate FLSA labor statutes.

**ANSWER:**                Defendant denies the allegations of this paragraph.

17.    Because Defendant willfully violated the FLSA by misclassifying Plaintiff and class members as exempt employees, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

**ANSWER:**                Defendant denies the allegations of this paragraph.

18.    Defendant has willfully and intentionally engaged in a pattern and practice of violating the FLSA by misclassifying "field managers" such as Plaintiff as "exempt"

employees and thereby failing and refusing to pay the proper overtime compensation in accordance with §§206¬207 of the FLSA.

**ANSWER:**            Defendant denies the allegations of this paragraph.

### Damages

19.    As a result of Defendant's unlawful acts, Plaintiff and all other similarly situated current and former "field managers" have been deprived of overtime compensation in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

**ANSWER:**            Defendant denies the allegations of this paragraph.

### Additional and Affirmative Defenses

Defendant asserts the following defenses without prejudice to its right to argue that Plaintiff bears the burden of proof on some or all of these defenses:

1.    Pursuant to 29 U.S.C. § 213(f), Plaintiff cannot recover for services performed outside of the United States.

2.    Plaintiff and the putative class were properly classified as exempt employees under the FLSA pursuant to the executive exemption, the administrative exemption, the motor carrier exemption, and/or the highly-compensated workers exemption.  29 U.S.C. § 213(a).

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations under the FLSA.

4.    Plaintiff's claim for liquidated damages under the FLSA fails because all decisions regarding Plaintiff's compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA, including, but not limited to, the good-

faith application of the exemption requirements contained in 29 U.S.C. § 213(a) and applicable regulations in calculating Plaintiff's compensation.

5.      A two-year rather than a three-year statute of limitations applies to this action because Defendant did not engage in a willful violation of the FLSA.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of payment, as the named Plaintiff and any current or former employee alleged to be similarly situated to the named Plaintiff have been properly compensated.

7.      Plaintiff's claims are barred by the doctrine of avoidable consequences.

8.      Plaintiff's claims are barred in whole or in part because the putative Plaintiffs are not similarly situated so as to maintain a collective action under the FLSA.

9.      Plaintiff fails to satisfy the prerequisites for certification of a collective action and therefore cannot represent the interests of others.

10.      Plaintiff's claims are barred to the extent that they purport to represent individuals who have not been provided the opportunity to opt in to this litigation.

11.      Any individual who opts in to this lawsuit and who previously signed a release and/or waiver waiving any right to participate in a collective or representative action may pursue any FLSA claims on an individual basis only and, therefore, should be dismissed from this lawsuit.

12.      Any individual who joins this lawsuit who filed claims for bankruptcy and failed to list an overtime claim against Defendant as a potential asset in their bankruptcy filings are barred from pursuing their overtime claims under the doctrines of judiciary estoppel and/or unclean hands.

13.    Defendant reserves the right to add additional defenses, based on Defendant's continuing investigation.

## Jury Demand

Defendant requests a jury trial on all issues.

Respectfully submitted,

**PLAUCHE, SMITH & NIESET, L.L.C.**

s/ Samuel B. Gabb
SAMUEL B. GABB (#22378)
1123 Pithon Street
Lake Charles, Louisiana 70601
(337) 436-0522
(337) 436-9637 - facsimile

Attorneys for CETCO Energy Services Company LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2013, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

 s/ Samuel B. Gabb
SAMUEL B. GABB